**Cecil L. HALL, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted Nov. 16, 1979.

Decided Dec. 7, 1979.

Gregg E. Wilson, Asst. Public Defender, Wilmington, for appellant.

Francis A. Reardon, Deputy Atty. Gen., Wilmington, for appellee.

Before DUFFY, McNEILLY and HORSEY, JJ.

PER CURIAM:

It appears to the Court from the briefs and arguments of the parties and the record of this appeal that:

(1) Defendant appealed *pro se* an order of the Superior Court delivering him into the temporary custody of the State of New Jersey in a detainer proceeding brought under 11 *Del.C.*, Chapter 25, subchapter II.

(2) A temporary stay of the order was granted by this Court to permit this appeal to be heard before defendant's delivery to the New Jersey authorities.

(3) Defendant claims denial of due process as a consequence of the State having previously arrested him under a fugitive warrant for purpose of extradition to New Jersey under 11 *Del.C.*, Chapter 25, subchapter I. Defendant contends that the State could not resort to detainer after

having commenced proceedings for extradition which he then elected to contest by writ of habeas corpus and demand for a hearing under 11 *Del.C.* § 2510, which was not held after the fugitive warrant was *nol prossed.*

(4) At time that extradition was begun, defendant was on bail awaiting sentencing in Delaware on charges for which he was thereafter imprisoned for a term of 10 years. Hence detainer was not an available remedy.

(5) The decision to proceed by detainer rather than extradition was dictated by law, 11 *Del.C.*, Chapter 25, subchapter II, and by change of circumstances for which defendant was solely responsible—namely, his incarceration in Delaware to serve sentence for crimes he had committed.

(6) The Superior Court's order was entered pursuant to the detainer law of Delaware and only after the holding of a hearing in compliance with *Adams v. Cuyler*, 3d Cir., 592 F.2d 720 (1979).

(7) There is no merit to defendant's contention of denial of due process or the failure to hold a timely hearing before his delivery to New Jersey authorities. Hence, this Court's stay of the Superior Court's order is hereby vacated and the order of the Court below is affirmed.